# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **EARNIE LEE RANDELL, #2044827** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:19-CV-868-L-BK** |
| | § | |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Earnie Lee Randell's pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, Doc. 3, was referred to the undersigned United States magistrate judge for findings and a recommended disposition.  Upon review of the relevant pleadings and applicable law, and as detailed herein, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

On December 9, 2015, a jury convicted Randell of continuous sexual abuse of a child and sentenced him to 25 years' imprisonment.  *State v. Randell*, No. 11915-D (350th Jud. Dist.,  Taylor Cty., Dec. 9, 2015), aff'd, No. 11-16-00014-CR,  2017 WL 3187073 at *1, (Tex. App. – Eastland, July 27, 2017, no pet.); Doc. 16-7 at 35.  The Texas Court of Criminal Appeals denied state habeas relief.  *Ex parte Randell*, No. WR-87,739-01 (Tex. Crim. App. December 13, 2017); Doc. 16-14.

In his federal habeas petition, filed March 25th, 2019, Randell alleges trial court errors and an inappropriate jury charge.  Doc. 3 at 6-7.  The State filed a response arguing that the petition is time-barred.  Doc. 15.  Randell did not file a reply.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). Randell filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Randell did not file a petition for discretionary review (PDR), *see* Doc. 3 at 3, his conviction became final 30 days after the court of appeals affirmed his judgment of conviction. *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within 30 days of either the date on which the judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006) (per curiam) (stating that the conviction becomes final 30 days after judgment was affirmed when no PDR is filed). The state court of appeals affirmed Randell's judgment of conviction on July 27, 2017, (*see* doc. 16-1), thus, his conviction became final on August 28, 2017, and the limitations period expired one year later on August 28, 2018.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly-filed application for state post-conviction or other collateral review is pending is not counted toward any period of limitation. Therefore, Randell's state applications for writ of habeas corpus, filed on November 2, 2017, (*see* doc. 16-15 at 53), and denied on December 13, 2017, (*see* doc. 16-14), tolled the limitations period for 41 days. As such, Randell's deadline for filing was extended from August 28, 2018, to October 8, 2018. However, as stated previously, Randell did not his federal petition until March 25, 2019, Doc. 3 at 10, 168 days beyond the one-year limitations deadline with statutory tolling.

2

Subsections (B) through (D) of section 2244(d)(1) are inapplicable here, in that Randell alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date his conviction became final. Consequently, Randell's federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

**B. Equitable Tolling**

Randell's filing, even when liberally construed in accordance with his *pro se* status, does not present due diligence and rare and exceptional circumstances warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case omitted); *see also Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not demonstrate due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotation and quoted case omitted). And *pro se* status or unfamiliarity with the law does not suffice to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Randell did not pursue his case "with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, after his state habeas appeal was denied, he

waited over fourteen months – from December 13, 2017 to March 25, 2019 – to file his federal habeas petition. This extended period of inactivity clearly demonstrates a lack of due diligence.

Accordingly, the Court concludes that Randell has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on December 20, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objection.